UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YOLANDA P. LEWIS, o/b/o D.D.D.,

                Plaintiff,

                                                                                    **Hon. Hugh B. Scott**

                v.                                                          **6:18CV6918**

                                                                                  **CONSENT**

ANDREW SAUL, COMMISSIONER,                       **Order**

                Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 7 (plaintiff), 10 (defendant Commissioner)). Having considered the Administrative Record, filed as Docket No. 6 (references noted as "[R. __]"), and the papers of both sides, this Court reaches the following decision.

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits. The parties consented to proceed before a Magistrate Judge (Docket No. 12, reassignment Order Oct. 4, 2019).

## PROCEDURAL BACKGROUND

The plaintiff ("Yolanda Lewis" or "plaintiff") filed an application for disability insurance benefits for her son, claimant D.D.D. ("claimant") on March 24, 2015, for an alleged onset date

of February 28, 2015 [R. 15]. That application was denied initially. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated November 20, 2017, that the plaintiff was not disabled within the meaning of the Social Security Act [R. 15]. The ALJ's decision became the final decision of the Commissioner on October 18, 2018, when the Appeals Council denied plaintiff's request for review (Docket No. 1, Compl., Ex. B).

Plaintiff commenced this action on December 17, 2018 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 7, 10), and plaintiff duly replied (Docket No. 11). Upon further consideration, this Court then determined that the motions could be decided on the papers.

## FACTUAL BACKGROUND

Claimant is a 7-year-old attending elementary school [R. 15]. Plaintiff asserts that claimant has the following impairments deemed severe by the ALJ: childhood epilepsy, obesity, and obstructive sleep apnea [R. 18].

## MEDICAL AND VOCATIONAL EVIDENCE

Claimant suffered seizures in March 2015 and plaintiff claims he has a learning disorder [R. 20], although the application only noted seizures [R. 182]. Claimant's body mass index was at the 95th percentile for youth his age on November 2015 [R. 20].

State agency medical consultant, Dr. J. Randall, found that claimant suffered four seizures, the last in April 2015 [R. 84 (July 29, 2015, report), 20]. Dr. Randall also found that claimant had no limitations in five of six infant domains, and had less than marked limitation for health and physical well-being [R. 20, 84].

On June 8, 2017, Dr. Katie Sussman, claimant's treating physician, diagnosed him had benign childhood epilepsy [R. 478, 21]. Dr. Sussman stated she needed a neurologist to evaluate claimant's seizures and Dr. Sussman was unable to determine claimant's acquiring and using information and attending and completing tasks domains [R. 483, 481, 482, 21, 22]. Claimant had not reported seizures for more than one year [R. 479, 22]. Dr. Sussman did diagnose claimant with having difficulty thinking and concentrating and having sleep disturbance [R. 480, 22].

Claimant's teachers, Kevin Octinger and Kathy Harris, filed a teacher's questionnaire and found that claimant had extreme limitations in acquiring and using information; attending and completing tasks; and interacting and relating with others [R. 214-15], less than marked limitations domains for moving about and manipulating objects and caring for self [R. 215-16], and no limitations in domain of health of physical well-being [R. 216]. They note claimant fell asleep in class almost on daily basis [R. 217].

According to defendant (Docket No. 10, Def. Memo. at 9), at Step Two of the Three-Step infant claimant analysis (described below), the ALJ found claimant had severe impairments of childhood epilepsy, obesity, and obstructive sleep apnea [R. 18]. At Step Three, the ALJ concluded that claimant did not meet or equal a Social Security Listing [R. 23-28] (id.), considering Listing 111.02, neurological disorders [R. 18]. Determining claimant's functionality under the six domains, the ALJ also found claimant was less than marked limitations for acquiring and using information, attending and completing tasks, and health and physical well-being, but no limitations for interacting and relating with others and moving about and manipulating objects [R. 23-29] (id.).

Because claimant was not markedly limited in two domains or extremely limited in at least one domain, the ALJ held that claimant did not functionally equal a Listing and thus was not disabled [R. 29].

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

I.     General Standards—Infant Three-Step Analysis

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). A claimant under 18 years of age, such as the claimant here, is "disabled" under the Social Security Act if he has a medically determinable physical or mental impairment (or combination of impairments) that result in "marked and severe functional limitations," and the impairment or impairments must have lasted or expect to last for at least twelve months. 42 U.S.C. § 1382c(a)(3)(C). Under the applicable regulations, the infant claimant must show that he is not working, that he has a "severe"

impairment or combination of impairments, and that his impairment or combination of impairments was of listing-level severity, that is met, medically equaled, or functionally equaled the severity of listed impairments, 20 C.F.R. § 416.924. Functional equivalence of limitations, in turn, are evaluated on six domains: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being, id. § 416.926a(b)(1)(i)-(vi). Marked limitations in two domains of functioning or an extreme limitation in one domain (not claimed here, although claimant's teacher noted three domains were extreme [R. 214-15, 21, 23]) constitutes a functional equivalent to a listed impairment, id. § 416.926a(d). Each domain is evaluated on whether the claimant has no limitation, is less than marked, marked, or extreme limitation, id. § 416.926a(b)(1).

"Marked" limitation for a domain is when a claimant's impairment(s) "interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities," 20 C.F.R. § 416.926a(e)(2)(i).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from working. See Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether the claimant is suffering from a disability, the ALJ must employ a multi-step inquiry:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations, as assessed for the six domains of infant functioning.

20 C.F.R. § 416.924(a)-(d); see 20 C.F.R. §§ 416.920, 416.972, 416.923, 416.926, 416.926a; see Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. § 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

*Application*

In the instant case, the issue is whether the ALJ had substantial evidence to support the decision rendered denying disability coverage. Plaintiff argues this case should be remanded because the ALJ relied upon Dr. Sussman's opinion despite the doctor noting that she could not reach certain conclusions and that a neurologist was needed to follow up (Docket No. 7, Pl. Memo. at 10-13). Plaintiff argues that the record needs to be developed because of Dr. Sussman's admitted gap in the record (id.). Defendant counters that the ALJ had substantial evidence to support his findings, that not only Dr. Sussman but also Dr. Randall's assessment was consistent with the ALJ's findings (Docket No. 10, Def. Memo. at 12-13) as well as plaintiff's statements that claimant was doing well in school (id. at 14-15).

Essentially, plaintiff argues that the ALJ erred in finding two domains—attending and completing tasks, caring for himself—were less than marked in concluding claimant was not

6

disabled (Docket No. 7, Pl. Memo. at 15-18, 18-19). As for the first domain, plaintiff argues the ALJ ignores claimant's struggles in school, as stated by claimant's teachers, Harris and Octinger (id. at 17-18), and his medical record of appointments for behavioral issues (id. at 15-16). As for caring for himself, plaintiff again points to Harris and Octinger's reports of claimant sleeping in class and hygiene issues (id. at 18-19).

I.  Medical Opinion

While plaintiff is correct that the medical record regarding Dr. Sussman's opinion is incomplete by the doctor's own admission, plaintiff has the burden of establishing claimant's disability, here claimant's seizures. The medical record shows claimant had four seizures in 2015 but no further instances of seizures and that this condition was controlled with medication [R. 22]. A further neurological examination might find the cause for past seizures but plaintiff has not shown that these seizures would continue. Therefore, the harm in relying upon Dr. Sussman's opinion despite its declaration on its completeness is **harmless**.

II.  Two Infant Domains in Dispute

Plaintiff first argues that the ALJ provided "virtually no explanation at all" for the domain findings (Docket No. 7, Pl. Memo. at 14). Reading the medical and educational records cited before discussing the domains provides **sufficient information to determine whether the ALJ had substantial evidence for his findings**.

A.  Attending and Completing Tasks

The two domains plaintiff contends were found in error by the ALJ—attending and completing tasks and caring for himself—are based on claimant's mental care and observations by his first-grade teachers. The teachers believed claimant required special education, having

reading and math levels below grade level for a second grader [R. 212] (see Docket No. 7, Pl. Memo. at 8,16-17, 18). Unfortunately, plaintiff declined further testing to develop an individual educational plan for claimant and did not assert that claimant had a learning disability [R. 21, 23, 182]. Claimant's disability is seizures, which is apparently under control with medication.

For attending and completing tasks, the ALJ says that "the medical evidences notes that the claimant has concentration difficulties and gets distracted easily" [R. 25] (cf. Docket No. 7, Pl. Memo. at 15-16; [R. 386, 392, 395-96]). The ALJ offset these findings with plaintiff's statements that claimant was doing well in school [R. 25]. The ALJ erred in relying upon plaintiff's statements contrary to the observations of medical staff and claimant's teachers. Thus, the ALJ should have found this domain was more severe than being less than marked.

> B. Care for Self

The domain of caring for himself the Social Security Administration considers "how well you maintain a healthy emotional and physical state, including how well you get your physical and emotional wants and needs met in appropriate ways; how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area," 20 C.F.R. § 416.926a(k) (see Docket No. 10, Def. Memo. at 15; see also Docket No. 7, Pl. Memo. at 18 n.1). For school age youth (age 6 to 12 years old) they should be independent for most day-to-day activities with some reminders, 20 C.F.R. § 416.926a(k)(iii).

As for claimant's ability to care for himself, the ALJ found no limitation in his ability, concluding that there was no evidence of deficiencies [R. 28]. Plaintiff points out the teachers' comments about claimant's inability to communicate (Docket No. 7, Pl. Memo. at 18-19; [R. 222]) and one medical report of claimant indicating suicidal ideation (id. at 18; [R. 383])

8

which his father discounted as being repeated from other sources [R. 383]. Mr. Octinger noted that claimant has less than marked limitations for caring for self, despite the teacher's concern for claimant's excessive sleeping and some hygiene (toothbrushing and cleaning up) taken care of at school [R. 216].

The ALJ had sufficient evidence to find that claimant has no limitation in this domain. The totality of evidence is claimant's purported poor hygiene and inability to communicate generally. His teachers did not note that claimant had difficulty making his well-being needs known. The medical record contains only one instance of suicidal ideation.

      C.      Results

Although the ALJ erred in assessing one domain, there was not error in the second challenged domain to conclude that claimant was disabled. With marked limitations for attending and completing tasks but no limitation for caring for self, the ALJ properly concluded that claimant did not have impairment that resulted in two marked limitations (or any extreme limitation) to declare claimant disabled. Therefore, plaintiff's motion for judgment (Docket No. 7) is **denied**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Docket No. 7) judgment on the pleadings is **denied**, and defendant's motion (Docket No. 10) for judgment on the pleadings is **granted**. Thus, the decision of the defendant Commissioner is **affirmed** pursuant to sentence four of 42 U.S.C. § 405(g), see Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of the Court shall close this case.

So Ordered.

_s/Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
October 30, 2019